### 11642

SANDEL *ET AL.* v. CRUM
SANDEL v. CRUM *ET AL.*

(125 S. E., 919)

1. HUSBAND AND WIFE—WIFE HELD NOT NECESSARY PARTY TO ACTION TO FORECLOSE HUSBAND'S MORTGAGE ON LAND ON WHICH WIFE LIVED.—Where husband, who had mortgaged property on which he and wife lived, and which he had inherited from father, was not living thereon with wife at time of foreclosure and was in default in foreclosure action, the wife was not a necessary party.

2. JUDGMENT—DECREE RENDERED BY JUDGE WHO WAS RELATED TO DEFENDANT IN VIOLATION OF CONSTITUTION VOIDABLE AND NOT VOID.—Decree rendered by Judge who was related to defendant within the degree prohibited by Const. 1895, Art. 5, § 6, was not void, but merely voidable.

3. JUDGMENT—DECREE RENDERED BY JUDGE WHO WAS FATHER OF DEFENDANT OTHER THAN MORTGAGOR IN FORECLOSURE ACTION HELD VALID.—Where Judge in mortgage foreclosure action was father of a defendant other than the mortgagor, in violation of Const. 1895, Art. 5, § 6, and such defendant and the plaintiff and their attorneys consented to rendition of decree by such Judge, and the mortgagor, the only other party to the suit, though personally served, made default, the decree was valid.

Before Henry, J., Orangeburg, January, 1924. Affirmed.

Action by Henry D. Sandel against Benjamin J. Crum and another. From an order requiring the Clerk of Court to issue writ of assistance directing Sheriff to put Dorothy Sandel and another in possession of lands purchased at the Master's sale, passed under rule to show cause served on Annie Crum, Annie Crum appeals.

This is an action to foreclose mortgage executed by appellant's husband on land which had belonged to husband's deceased father. The husband was not living on the land with the wife at the time of the action, and did not appear, though personally served. The wife, who was not made a party to the action, refused to deliver possession to purchasers at Master's sale, and appeals from order requiring Clerk of Court to issue writ of assistance directing Sheriff to put purchasers in possession.

## EXCEPTIONS

·(1) It is respectfully submitted that his Honor, J. K. Henry, presiding Judge, erred in granting the order dated January 19, 1924, directing the Clerk of Court to issue a writ of assistance to the Sheriff of Orangeburg County, S. C., requiring him to put the respondents or their agents in possession of the premises described in the petition. Error because the will of William M. Crum, deceased, does not in any way give to the said Benj. J. Crum the 108 acres described in the petition.

(2) Error because the tracts of land in which the said Benj. J. Crum has or had a life estate only, under the will of his father, William M. Crum, deceased, is not the land described in the petition.

(3) Error because the possession of the premises in question is agreeable to and by consent of the heirs of the said William M. Crum, deceased.

(4) Error bcause the decree of his Honor, I. W. Bowman, dated September 10, 1923, mentioned in the petition, is not binding on the appellant herein, in that this appellant was not a party to any of the proceedings therein.

(5) Error because said decree is void, in that his Honor, I. W. Bowman, who signed the said decree, is related to the defendant, John W. Bowman, within the degree prohibited by law, in violation of Article 5, § 6, Constitution of 1895 of this State, in that the defendant, John W. Bowman, is the son of his Honor, I. W. Bowman.

*Mr. Jacob Moorer,* for appellant, cites: *Decree void:* Art. 5, Sec. 6, Const. of 1895; 53 S. C., 121; 51 Pac., 104; Vol. 12 Ann. Cas., 516. *Appellant's return must be taken as true:* 73 S. C., 193; 14 N. J. Eq., 37. *Appeal:* 123 S. E., 772; 25 N. J. Eq., 414; 76 Pac., 783. *Writ of assistance:* 150 Ind., 93; 62 Atl., 447; 45 Cal., 316; 54 Cal., 435; 48 N. W., 170; 8 Atl., 650; 91 N. W., 697; 103 N. W., 670; 104 N. W., 1053; 8 Ala., 271; 48 S. C., 325.

*Messrs. Wolfe & Berry,* for respondent, cite: *Decree binding upon the widow:* 13 S. C., 174. *Tenant's interest in mortgaged lands:* 31 S. C., 171; 71 S. C., 87; 64 S. C., 425; 108 S. C., 384. *Parties to foreclosure proceedings not questioning the decree, it should stand:* 64 S. C., 201; 89 S. C., 244; 113 S. C., 64. *Remedy by motion:* 123 S. E., 771; 119 S. E., 571.

December 31, 1924.

The opinion of the Court was delivered by Mr. Justice Watts.

This is an appeal from an order of Judge Henry requiring the Clerk of Court to issue a writ of assistance directing the Sheriff to put the respondents in possession of certain lands which had been purchased at the Master's sale. This order was passed under a rule to show cause, was issued and served upon the appellant, and after return was made by her, and after full hearing and argument.

The exceptions are five in number. Exceptions 1, 2, 3, and 4 are overruled as being without merit, as to them Judge Henry could not have done otherwise than find as he did, and issue the order he did.

Exception 5 is as follows:

"Error because said decree is void, in that his Honor, I. W. Bowman, who signed the said decree, is related to the defendant, John W. Bowman, within the degree prohibited by law, in violation of article 5, § 6, Constitution of 1895 of this state, in that the defendant, John W. Bowman, is the son of his Honor, I. W. Bowman."

This exception is overruled. The decree was not
2, 3 void, but voidable. Both attorneys for the plaintiff
and defendant, Bowman, knew of the relationship
and defendant, Bowman, knew of the relationship
and consented to the decree. Benj. J. Crum had been
personally served, and had made default. None of the
parties to the suit, under which decree the sale was made
by the Master, and the respondents purchased at the Master's
sale, are questioning the decree. Judge Bowman made no
order affecting the interest of John W. Bowman, the Master
did not make reference to John W. Bowman. Crum was in
default, and the attorneys in the case on both sides consented
to the decree and waived their rights to object to Judge
Bowman hearing the case. Inasmuch as no party to the
suit is questioning the decree by a motion in the original
suit or otherwise, the decree should stand.

All exceptions are overruled, and judgment affirmed.

MESSRS. JUSTICES FRASER, COTHRAN and MARION concur.
MR. CHIEF JUSTICE GARY did not participate.